J-S52015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: X.J.N., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| APPEAL OF: B.S.N. AND V.J.N., NATURAL PARENTS, | |
| Appellants | No. 209 WDA 2015 |

Appeal from the Order January 15, 2015
In the Court of Common Pleas of Butler County
Domestic Relations at No(s): CP-10-DP-0000054-2012

| | |
|---|---|
| IN RE: Z.M.N., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| APPEAL OF: B.S.N. AND V.J.N., NATURAL PARENTS, | |
| Appellants | No. 210 WDA 2015 |

Appeal from the Order January 15, 2015
In the Court of Common Pleas of Butler County
Domestic Relations at No(s): CP-10-DP-0000055-2012

| | |
|---|---|
| IN RE: Z.M.N., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| APPEAL OF: B.S.N. AND V.J.N., NATURAL PARENTS, | |
| Appellants | No. 222 WDA 2015 |

Appeal from the Decree January 15, 2015
In the Court of Common Pleas of Butler County
Orphans' Court at No(s): OA No. 43 of 2013

IN RE: X.J.N.,

            Appellee

APPEAL OF: B.S.N. AND V.J.N., NATURAL
PARENTS,

            Appellants

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 223 WDA 2015

Appeal from the Decree January 15, 2015
In the Court of Common Pleas of Butler County
Orphans' Court at No(s): OA No. 44 of 2013

BEFORE: SHOGAN, OLSON, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:         **FILED SEPTEMBER 16, 2015**

B.S.N. ("Mother") and V.J.N. ("Father") (collectively, "Parents") appeal from two orders and two decrees entered January 15, 2015, in the Court of Common Pleas of Butler County concerning their parental rights to their minor children, Z.M.N., born in February of 2005, and X.J.N., born in February of 2007 (collectively, "Children").[1] Because the sole issue

_____

[1] The case docketed at 209 WDA 2015 is an appeal from the permanency review order relative to X.J.N.; 210 WDA 2015 is an appeal from the permanency review order relative to Z.M.N.; 222 WDA 2015 is an appeal from the decree terminating Parents' parental rights to Z.M.N.; 223 WDA 2015 is an appeal from the decree terminating Parents' parental rights to

*(Footnote Continued Next Page)*

remaining for appellate review was not properly preserved in the trial court, it is waived. Accordingly, we affirm.

The salient facts are gleaned from the trial court's orders and opinions and from our independent review of the certified record.[2] On April 9, 2012, the Butler County Children and Youth Agency ("CYS") received a call from Butler City Police regarding allegations of illegal drug activity in Parents' home. A search of the premises uncovered marijuana plants, growing materials, Suboxone pills, and drug paraphernalia. It was later discovered that Children would water the marijuana plants. Parents were charged with felony drug charges and endangering the welfare of children. Trial Court Opinion, 1/15/15, at 2.

On April 16, 2012, Parents signed over guardianship of Children to Mother's friend, S.M-K., who resided in Alabama. On that same day, CYS closed its case with the family. Trial Court Opinion, 1/15/15, at 2.

On June 4, 2012, CYS reopened the case because Children were now living with their maternal grandparents in Butler. Parents' whereabouts were unknown to the grandparents, who were having difficulties enrolling

_(Footnote Continued)_ _____

X.J.N. The appeals were consolidated _sua sponte_ by _per curiam_ order on February 25, 2015.

[2] Honorable Kelley Streib presided over both the goal change proceedings in the Juvenile Division of the Court of Common Pleas of Butler County and the termination proceedings adjudicated in the Orphans' Court Division. For simplicity, we employ the general term "trial court" in our discussion.

Children in school and in obtaining medical treatment for them. Although CYS searched for and discovered six different addresses for Parents, letters sent to those addresses were returned. On June 19, 2012, Children were officially detained and placed in the care of the maternal grandparents. Trial Court Opinion, 1/15/15, at 3–4.

On July 24, 2012, Children were adjudicated dependent for lack of proper parental care and control as a result of abandonment, and lack of a parent, guardian, or legal custodian. Orders Adopting Master's Adjudication, 7/24/12, at 1. Although the CYS caseworker made a number of attempts to notify Parents, they did not appear at the adjudication hearing. Trial Court Opinion, 1/15/15, at 3–4.

In October of 2012, CYS learned that both Parents were incarcerated in Butler County. CYS communicated with Parents and informed them of the physical location of the placement of Children. Mother responded and inquired about procedures to be followed in order to send letters to the Children. Mother and Father requested visitation with Children, but the Butler County Prison did not allow visits with inmate's children. Parents sent numerous letters to Children while incarcerated. Trial Court Opinion, 1/15/15, at 4–5.

Petitions for involuntary termination of parental rights were filed against Parents on September 25, 2013. A permanency review hearing was held on October 8, 2013. Although the trial court found that Parents'

exhibited minimal adherence to the permanency plan due to their incarceration, the placement goal for Children remained reunification, with adoption as a concurrent placement plan. Permanency Review Order, 10/28/13, at 1.

On November 5, 2013, CYS filed a motion for goal change. Citing non-compliance with the recommendations to facilitate reunification, CYS requested that the goal be changed from reunification to termination of parental rights and adoption. CYS Motion, 11/5/13, at unnumbered 2.

Mother and Father were released from incarceration in November and December, respectively, of 2013. At that time, Parents requested visitation with Children. During a January 14, 2014 hearing, the court denied their request because petitions for termination of parental rights already had been filed, and Children had not seen Parents since April of 2012. The court also ordered bonding assessments before allowance of visitation and consolidated the visitation issue with the termination hearing. Trial Court Opinion, 1/15/15, at 5.

The court-appointed bonding evaluator, Dr. Jeffrey Wolfe, met with Parents on May 5, 2014, and June 7, 2014. He also conducted an interactional observation of Parents and Children together on June 16, 2014. On June 18, 2014, Dr. Wolfe met with the maternal grandparents after which he saw Parents for a fourth time. On July 3, 2014, Dr. Wolfe

conducted an interactional observation between Children and the maternal grandparents. Trial Court Opinion, 1/15/15, at 5.

The trial court held hearings on the termination petitions on July 29, 2014, August 27, 2014, and September 26, 2014. Additionally, Dr. Wolfe was deposed on September 8, 2014, and the transcript of the deposition was admitted into evidence at the September 26, 2014 hearing. N.T., 9/26/14, at 20.

On January 15, 2015, the trial court filed findings of fact supporting its permanency review goal-change orders and two opinions and decrees explaining its decision to terminate Parents' parental rights under 23 Pa.C.S. § 2511(a)(1) and (b). Parents timely appealed.

On February 4, 2015, Mother and Father filed Pa.R.A.P. 1925(b) statements of errors complained of on appeal raising five issues.[3] However, in their appellate brief, Mother and Father concede all but one of the issues raised in their 1925(b) statements. The remaining issue is whether the trial court committed an error when it "ruled that the written expert report detailing the methodology and reasoning used by Dr. Wolf[e] in completing the bonding assessment was inadmissible?" Parents' Brief at 7. More specifically, Parents argue in their brief that the trial court should have

_____

[3] On April 20, 2015, the trial court issued memoranda in compliance with Pa.R.A.P. 1925(a). We note that Parents failed to append a copy of the trial court's April 20, 2015 opinion to its appellate brief as required by Pa.R.A.P. 2111(b).

admitted Dr. Wolfe's written expert report under the business records exception to the hearsay rule. *Id*. at 20–25.

We employ a deferential standard when reviewing a trial court's evidentiary rulings; we will not reverse the court's decision on admission of evidence absent a clear abuse of discretion. *In re Adoption of R.K.Y.*, 72 A.3d 669, 675 (Pa. Super. 2013). Furthermore, "[i]n order to preserve application of a hearsay exception for appellate review, that specific exception must first be raised before the trial court." *Commonwealth v. Smith*, 47 A.3d 862, 866 (Pa. Super. 2012) (holding that failure to point to an applicable hearsay exception is a waiver). At no point during the course of the relevant proceedings did Parents argue that the business records exception applied. When counsel for CYS sought to admit Dr. Wolfe's written report into evidence at the deposition, the guardian *ad litem* objected. Deposition of Dr. Jeffrey Wolfe, 9/8/14, at 43. At the conclusion of the deposition, the guardian *ad litem* represented that he wanted to preserve his objection to the admission of the written report. *Id*. at 101. Counsel for Parents did not offer any argument that the report was admissible. Subsequently, at the September 26, 2014 termination hearing, the guardian *ad litem* again raised his objection to the admission of Dr. Wolfe's written report because it was "cumulative and unnecessary." N.T., 9/26/14, at 17. Parents' counsel counter-argued that the report was admissible because the trial court "should have every piece of

documentation possible to make your decision, and there is a lot of background explanatory information in that report that you would need, that you cannot get just from the deposition." *Id*. The trial court ruled that the written report was inadmissible because it was hearsay, and perhaps cumulative. *Id*. at 18. At this point, Parents' counsel reminded the trial court that she had objected to Dr. Wolfe's testimony via deposition and contended that if he testified at the hearing, the report could have been authenticated and the hearsay problem would have been alleviated. *Id*. at 19. The trial court responded that authentication of the report was not crucial to the hearsay issue, explaining instead that: "An expert's report is always hearsay. It is an out-of-court statement offered for the truth of the matter asserted. And there is no exception under the hearsay rule to that." *Id*. Parents' counsel offered no further argument propounding admission of the report.

We conclude, therefore, that Parents waived their argument pertaining to the business records exception. Parents never asserted this particular claim during Dr. Wolfe's deposition or before the trial court during argument on the guardian *ad litem's* objection to the report's admission. Additionally, Parents did not invoke the business records exception in their Pa.R.A.P. 1925(b) statements. Issues may not be raised for the first time on appeal. Pa.R.A.P. 302(a); *see also Fazio v. Guardian Life Insurance Company of America*, 62 A.3d 396, 412 (Pa. Super. 2012) (holding that insured's

claim that letters written by attorney should have been admissible under business records hearsay exception was not properly before appellate court, where insured did not raise hearsay exception before trial court). Accordingly, we affirm the goal change orders and the decrees terminating Parents' parental rights as to Children.

Orders Affirmed. Decrees Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2015